UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN LAVELT SPILLMAN                      CIVIL ACTION

VERSUS                                                   NUMBER: 20-3468

JOSEPH P. LOPINTO, III                         SECTION: "R"(5)
JEFFERSON PARISH SHERIFF
K-9 UNIT, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding for the alleged use of excessive force was filed *in forma pauperis* by *pro se* Plaintiff, Steven Lavelt Spillman, against Defendant(s), Sheriff Joseph Lopinto and, ostensibly, the K-9 Unit of the Jefferson Parish Sheriff's Office ("JPSO"). (Rec. docs. 4, pp. 1, 2, 3; 4-1, pp. 1, 4). As Plaintiff failed to allege or identify any policy or custom that caused the purported deprivation of his rights or any personal involvement on the part of the Sheriff, and because discrete departments such as the K-9 Unit of the JPSO cannot be sued under §1983, the Court previously issued a Report and Recommendation recommending that Plaintiff's lawsuit be dismissed unless he amended his complaint to name as Defendants proper parties for purposes of §1983 liability. (Rec. doc. 7).

Plaintiff subsequently amended his complaint to name his four arresting officers as Defendants as well as K-9 dog "Nitro." (Rec. doc. 8). In light of that filing, the Court vacated its Report and Recommendation and ordered that summons be issued as to the four arresting officers. (Rec. doc. 9). While service was subsequently effected as to three of those officers (rec. docs. 11, 12, 14), service could not be accomplished on the fourth, Ted Chisson, as he no longer works at the Sheriff's Office. (Rec. doc. 13). As such, by order dated April 27, 2021, the Court gave Plaintiff 30 days within which to provide an alternative address where service could properly be effected on Chisson, absent which the

lawsuit would proceed as to the three officers who were served.[1]  (Rec. doc. 15).  That time period has now passed and no further service information has been forthcoming from Plaintiff.

The Court possesses the authority to dismiss an action or any portion thereof for a plaintiff's failure to prosecute under Rule 41(b), Fed. R. Civ. P., and under its inherent authority to dismiss an action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  As Plaintiff was previously cautioned, he, not the Court, has the duty to provide the information that is necessary to secure valid service on the Defendants.  *Hall v. United States*, No. 17-CV-0042, 2019 WL 5213931 at *8 (E.D. La. Oct. 16, 2019) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).  In light of these authorities and Plaintiff's failure to provide valid service information as to Defendant, Ted Chisson, it will be recommended that Plaintiff's claim as to him be dismissed for failure to prosecute.

Turning to the other named Defendants, the reasons previously advanced by the Court supporting the dismissal of Plaintiff's §1983 claim against the Sheriff remain valid (rec. doc. 7, pp. 2-4) and Plaintiff has presented no allegations in his amended complaint that would cast doubt on that rationale which is adopted here as if copied *in extenso*.  The same is true with respect to any §1983 claim against the "K-9 Unit" of the JPSO.  (*Id.* at p. 4 n. 1).  By way of his amended complaint, Plaintiff also named K-9 dog "Nitro," as an additional Defendant.  (Rec. doc. 8, p. 1).  No valid claim as to "Nitro" lies here as a dog is not a "person" within the meaning of §1983 and animals such as police dogs lack the capacity to be sued.  *Price v. New Orleans Police Dept.*, No. 09-CV-2868, 2011 WL 798164 *1

---

[1] Those Defendants as well as the Sheriff have since answered Plaintiff's complaint.  (Rec. doc. 16).

n. 3 (E.D. La. Jan. 25, 2011), *adopted*, 2011 WL 794815 (E.D. La. Feb. 25, 2011). In light of these authorities, it will be recommended that Plaintiff's §1983 claims against the Sheriff, the K-9 Unit of the JPSO, and K-9 dog Nitro be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). The case shall proceed only as to the three arresting officers.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 claim against Defendant, Ted Chisson, be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

It is further recommend that Plaintiff's §1983 claims against Defendants, Sheriff Lopinto, the K-9 Unit of the JPSO, and K-9 dog Nitro, be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this  16th  day of _____July_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE