UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN LAVEH SPILLMAN                                     CIVIL ACTION

VERSUS                                                              NO. 20-3468

JOSEPH P. LOPINTO, III, ET AL.                            SECTION: R (5)

## ORDER AND REASONS

The Court has reviewed *de novo* plaintiff's complaint,[1] amended complaint,[2] the record, the applicable law, the Magistrate Judge's Report and Recommendation ("R&R"),[3] and plaintiff's objections.[4] The Court orders as follows.

On July 16, 2021, Magistrate Judge Michael B. North recommended that plaintiff's section 1983 claim against defendant Ted Chisson be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).[5] He additionally recommended that plaintiff's section 1983 claims against defendants Sheriff Lopinto, the K-9 Unit of the JPSO, and the K-9 dog, Nitro, be dismissed as frivolous and for failure to state a claim under 28

---

[1] R. Doc. 4.
[2] R. Doc. 8.
[3] R. Doc. 17.
[4] R. Doc. 18.
[5] R. Doc. 17 at 3.

U.S.C. § 1915(e)(2)(B).[6] On August 3, 2021, plaintiff filed an objection to the R&R. Plaintiff does not object to Magistrate Judge North's findings per se, but instead asks the Court for additional "time to establish the address of Ted Chisson and the name of [the] handler for K-9 Nitro."[7]

On November 30, 2021, the Court notified plaintiff that Chisson had not been validly served in accordance with Rule 4(m), and that Chisson would be dismissed from this case unless plaintiff showed good cause for his failure to serve.[8] Plaintiff responded asking for the appointment of counsel, and noting that he has "limited legal ability" because he is incarcerated.[9] Notably, this is the same argument that plaintiff submits in his objection to the Magistrate Judge's R&R.

The Court finds plaintiff's objection meritless, and is adequately addressed in the R&R. As correctly noted by the Magistrate Judge, it is plaintiff's duty, not the Court's, to determine the relevant names and addresses of defendants to ensure the proper service is carried out.[10] This is true even though plaintiff is incarcerated. *See Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987) (affirming the dismissal of an incarcerated plaintiff's

---

6  *Id.*
7  *Id.* at 1.
8  R. Doc. 25.
9  R. Doc. 28.
10 R. Doc. 17 at 2.

2

complaint for failure to prosecute, noting that "a plaintiff may not remain silent and do nothing to effectuate such service").

Finding no other objections to the Magistrate Judge's R&R, and finding no clear error based on the R&R and the existing record, the Court adopts the Magistrate Judge's R&R as its opinion. It is ORDERED that plaintiff's section 1983 claims against Sheriff Lopinto, the K-9 unit of the JPSO, and K-9 dog Nitro are DISMISSED WITH PREJUDICE. The Court also DISMISSES WITHOUT PREJUDICE defendant Ted Chisson for failure of service.

New Orleans, Louisiana, this __21st__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE